# Supreme Court of Pennsylvania
## Court of Common Pleas
### Civil Cover Sheet
#### Westmoreland County

| For Prothonotary Use Only: |
|---|
| Docket No: 3793 of 2017 |

TIME STAMP

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**Commencement of Action:**
- ☐ Complaint
- ☒ Writ of Summons
- ☐ Transfer from Another Jurisdiction
- ☐ Petition
- ☐ Declaration of Taking

| Lead Plaintiff's Name:<br>Rita Perotti | Lead Defendant's Name:<br>Idlewild Park |
|---|---|
| Are money damages requested? ☒ Yes   ☐ No | Dollar Amount Requested:<br>(check one)   ☐ within arbitration limits<br>☒ outside arbitration limits |
| Is this a *Class Action Suit*? ☐ Yes ☒ No | Is this an *MDJ Appeal*? ☐ Yes ☒ No |

Name of Plaintiff/Appellant's Attorney: **Ned J. Nakles, Jr.**

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:** Place an "X" to the left of the <u>ONE</u> case category that most accurately describes your *PRIMARY CASE.* If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☒ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other:

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other

- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other

- ☐ Other:

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other

- ☐ Zoning Board
- ☐ Other:

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:

**EXHIBIT**

A

*Updated 1/1/2011*

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY PENNSYLVANIA

CIVIL

WESTMORELAND COUNTY CIVIL COVER SHEET

RITA PEROTTI

Judge: McCormick

Case No. 3793 of 2017

Counsel: Ned J. Nakles, Jr.

Plaintiff(s)

Representing: Plaintiff

vs.

Pa. I.D. No.: 36886

IDLEWILD PARK;

Firm: Nakles and Nakles

IDLEWILD PARK, INC.;

Address: 1714 Lincoln Avenue

and FESTIVAL FUN PARKS LLC:

Latrobe, PA 15650

Defendant(s)

Phone No. (724) 539-1291

Fax No. (724) 539-3273

E-mail nakles@nakles.com

## PLEASE ANSWER THE FOLLOWING:

| | | | |
|---|---|---|---|
| 1. | Is the Amount In Controversy Less Than $30,000? | ____Yes | **X** No |
| 2. | Does This Case Involve Discovery of Electronically Stored Information? | ____Yes | **X** No |
| 3. | Does This Case Involve a Construction Project? | ____Yes | **X** No |

## ENTRY OF APPEARANCE

TO THE PROTHONOTARY: Please enter my appearance on behalf of the Plaintiff/Petitioner/Appellant. Papers may be served at the address set forth above.

Signature: _____     Date: 7/31/2017

White – Prothonotary    Yellow – Judge    Pink – Opposing Counsel    Gold – Counsel

Revised 5/26/2010

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY,
PENNSYLVANIA

CIVIL ACTION - LAW

RITA PEROTTI,                                )
                                             )
                    Plaintiff                )
                                             )
        v.                                   )    No. 3793 of 2017
                                             )
IDLEWILD PARK; IDLEWILD PARK, INC.;          )
and FESTIVAL FUN PARKS LLC;                  )
                                             )
                    Defendants               )

## PRAECIPE FOR WRIT OF SUMMONS

TO THE PROTHONOTARY:

Please issue a Writ of Summons in Civil Action in the above-captioned case and deliver to the Sheriff for service.

Ned J. Nakles, Jr., Esq.
Attorney for Plaintiff
Nakles and Nakles
1714 Lincoln Avenue
Latrobe, PA 15650
(724) 539-1291
PA I.D. No. 36886

13120

## COMMONWEALTH OF PENNSYLVANIA
## COUNTY OF WESTMORELAND

No. 17CI03793

IN THE COURT OF COMMON PLEAS
WESTMORELAND COUNTY,
CIVIL ACTION - LAW

RITA PEROTTI,

    Plaintiff(s)

    Vs.

IDLEWILD PARK; IDLEWILD PARK, INC.;
AND FESTIVAL FUN PARKS LLC;
    Defendant(s)


To: IDLEWILD PARK; IDLEWILD PARK, INC.;
AND FESTIVAL FUN PARKS LLC;


    You are notified that RITA PEROTTI, has/have commenced an action by Writ of Summons against you.

Date:  JULY 31, 2017


_Christina O'Brien_
CHRISTINA O'BRIEN, PROTHONOTARY

SEAL OF
THE
COURT

_Lori Campbell_
LORI CAMPBELL,  DEPUTY


NED J. NAKLES, JR., ESQ
ATTORNEY FOR PLAINTIFF
1714 LINCOLN AVENUE
LATROBE, PA 15650
724-539-1291


2017 AUG -3 PM 3: 17
SHERIFF'S OFFICE
WESTMORELAND COUNTY
RECEIVED

**EXHIBIT**

B

1312w
8.19.19

# IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA

## CIVIL ACTION - LAW

| | | |
|---|---|---|
| RITA PEROTTI, | ) | No. 3793 of 2017 |
| | ) | |
| Plaintiff, | ) | Type of pleading |
| | ) | |
| v. | ) | **COMPLAINT IN CIVIL ACTION** |
| | ) | |
| IDLEWILD PARK; IDLEWILD PARK | ) | Filed on behalf of Plaintiff |
| INC.; and FESTIVAL FUN PARKS LLC, | ) | |
| | ) | Counsel of Record for this Party |
| Defendants. | ) | |
| | ) | **NED J. NAKLES, JR., ESQUIRE** |
| | ) | PA I.D. No. 36886 |
| | ) | |
| | ) | NAKLES AND NAKLES |
| | ) | 1714 Lincoln Avenue |
| | ) | Latrobe, PA 15650 |
| | ) | |
| | ) | Telephone: 724-539-1291 |
| | ) | Email: njnakles@nakles.com |

## JURY TRIAL DEMANDED

**EXHIBIT**

tabbies'

C

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY,
PENNSYLVANIA
CIVIL ACTION LAW

RITA PEROTTI,                          )
                                       )
            Plaintiff,                 )
                                       )
       v.                              )    No. 3793 of 2017
                                       )
IDLEWILD PARK; IDLEWILD PARK,          )
INC.; and FESTIVAL FUN PARKS LLC       )
                                       )
            Defendants.                )

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:   Counsel for Plaintiff

Signature:   _____

Name:   Ned J. Nakles, Jr., Esquire

Attorney No. (if applicable):   36886

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY,
PENNSYLVANIA
CIVIL ACTION LAW

RITA PEROTTI,                          )
                                       )
                 Plaintiff,            )
                                       )
        v.                             )     No. 3793 of 2017
                                       )
IDLEWILD PARK; IDLEWILD PARK,          )
INC.; and FESTIVAL FUN PARKS LLC       )
                                       )
                 Defendants.           )

## NOTICE TO DEFEND

TO: ABOVE-NAMED DEFENDANTS

     You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff(s). You may lose money or property or other rights important to you.

     YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

     IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ON AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral Service
Westmoreland Bar Association
Post Office Box 565
Greensburg, PA 15601
(724) 834-8490
http://lrs.westbar.org

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY,
PENNSYLVANIA
CIVIL ACTION LAW

RITA PEROTTI,                        )
                                     )
            Plaintiff,               )
                                     )
      v.                             )      No. 3793 of 2017
                                     )
IDLEWILD PARK; IDLEWILD PARK,        )
INC.; and FESTIVAL FUN PARKS LLC     )
                                     )
            Defendants.

## COMPLAINT IN CIVIL ACTION

1.      Rita Perotti (hereinafter referred to as "Plaintiff") is an adult resident of Westmoreland County with a mailing address located at 204 Craig Drive, Greensburg, Pennsylvania 15601.

2.      Defendants Idlewild Park and Idlewild Park, Inc. are Pennsylvania business corporations or entities with a registered address at 1 Riverfront Center, Pittsburgh, Pennsylvania 15222, that regularly conduct business in Westmoreland County.

3.      Defendant Festival Fun Parks LLC is a Delaware limited liability company that is registered to do business within the Commonwealth of Pennsylvania. Festival Fun Parks LLC regularly conducts business in Westmoreland County.

1

4.     The events that give rise to this cause of action occurred on or about August 14, 2015 in Ligonier Township, Westmoreland County, Pennsylvania.

5.     At the time and place stated, Defendants were the record owners of a certain piece of property situate in Ligonier Township, Westmoreland County, identified as Tax Map Parcel I.D. Number 51-15-00-0-026 (hereinafter referred to as the "Premises").

6.     At the time and place stated, Defendants operated an amusement and water park upon the Premises that was held open to the public.

7.     At the time and place stated, there existed a parking lot upon the Premises that was known and designated as "Parking Lot D", which was made available to Defendants' patrons and business invitees.

8.     At the time and place stated, there existed a pavilion on the Premises that was known and designated as "Pavilion D", which was made available to Defendants' patrons and business invitees.

2

9.     At the time and place stated, there existed a gravel walkway leading from Parking Lot D to Pavilion D that was made available for use by Defendants' patrons and business invitees.

10.     At the time and place stated, there existed a hole on the walkway described in the preceding paragraph that was approximately eight (8) to ten (10) inches in diameter that was used for the placement of a removable post.

11.     At the time and place stated, the removable post was not placed in the hole described in the preceding paragraph, thereby leaving the hole unexposed.

12.     At the time and place stated, Plaintiff was a patron and business invitee of the Defendants lawfully upon the Premises.

13.     At the time and place stated, as Plaintiff was traversing the walkway leading from Parking Lot D to Pavilion D in a safe and cautious manner, her foot fell into the hole described in the preceding paragraphs, resulting in the injuries and damages that give rise to this cause of action.

3

14.   At the time and place stated, Defendants were in exclusive possession and control of the Premises generally, and the walkway between Parking Lot D and Pavilion D specifically.

15.   At the time and place stated, Defendants were responsible for the operation, management and control of the Premises generally, and the walkway leading from Parking Lot D to Pavilion D specifically.

16.   At the time and place stated, Defendants had actual and/or constructive notice of the hole in the walkway described in the preceding paragraphs.

17.   At the time and place stated, no signage or other warnings were placed alerting patrons traversing that area of the Premises to the hole or the dangerous condition presented thereby even though Defendants were aware of the hole's existence.

18.   At all times relevant to this action, Defendants owed a duty to their business invitees and patrons not only to maintain the Premises in a safe condition, but also to inspect the Premises for dangerous conditions and to remedy the same.

19.     At the time and place stated, Defendants, through their agents and employees, were solely responsible for the condition, care, supervision, control, upkeep and maintenance of the Premises and was accordingly responsible for the safety and well being of the patrons of its business establishment.

20.     The injuries and damages set forth in this Complaint were caused by and were the direct and proximate result of the Defendants' negligence, individually, or by and through their agents and employees, generally, and in the following particulars:

a.     In failing to maintain the Premises such that it was not in a hazardous condition posing an unreasonable risk of danger to business invitees and patrons;

b.     In permitting the walkway running between Parking Lot D and Pavilion D to exist in a dangerous condition when Defendants knew, or in the exercise of reasonable care should have known, that the walkway in that condition posed an unreasonable risk of harm to business invitees and patrons traversing that area of the Premises;

c.     In failing to provide proper warnings or signage alerting business invitees and patrons traversing the walkway to the danger posed by the hole in the ground;

d.     In failing to provide its business invitees and patrons a safe and adequate means of ingress and egress to the Premises;

e.     In failing to follow applicable rules, regulations and/or protocols with respect to the inspection maintenance and/or supervision of the Premises;

f.    In failing to properly inspect the Premises for dangerous conditions;

g.    In failing to remedy the dangerous condition posed by the hole in the walkway as described hereinabove;

h.    In failing to properly hire qualified employees to maintain the Premises, particularly in the area of the Premises where Plaintiff's fall occurred; and

i.    In otherwise failing to provide for the safety of Plaintiff as required of the Defendants under law.

21.    As a direct and proximate result of the Defendants' negligence, individually or by and through their agents, Plaintiff sustained the following injuries that are, or may be, permanent in nature:

a.    A torn peroneal tendon in her right foot/ankle;

b.    Cavovarus foot deformity;

c.    Traumatic injuries to her right foot, ankle and leg;

d.    Multiple abrasions, lacerations, and contusions;

e.    Severe shock and serious injuries to the nerves and nervous system;

f.    Internal injuries;

g.    Injuries and damages in and about the muscles, ligaments, tissues, nerves, bones, joints, and intervertebral discs of the back, neck, and spine and of the lumbar, sacral, and sacroiliac regions; and

h.    Other serious and severe injuries.

22.     As a direct and proximate result of the injuries set forth in the foregoing, Plaintiff has been damaged as follows:

a.     She has been required to undergo multiple diagnostic scans, office visits and painful regimens of physical therapy rehabilitation;

b.     She has been required to undergo surgical repair of her right foot and ankle and may be required to undergo additional surgical procedures in the future;

c.     She has suffered, and will continue to suffer in the indefinite future, inversion, instability and deformity of her right foot, ankle and leg;

d.     She has been permanently scarred and disfigured;

e.     She has been, and will be, required to expend large sums of money for medical attention, medicines, hospitalizations and medical supplies;

f.     She has suffered, and will continue to suffer, great pain, inconvenience, embarrassment and mental anguish;

g.     Her earning capacity has been greatly diminished;

h.     She has incurred other out-of-pocket expenses as a result of her injuries; and

i.     She has lost the ability to enjoy a normal lifestyle and the pleasures of life.

**WHEREFORE**, Plaintiff Rita Perotti claims damages of the Defendants in an amount in excess of $30,000.00.

<u>**A JURY TRIAL IS DEMANDED**</u>

Respectfully submitted,

Ned J. Nakles, Jr., Esquire
Attorney for Plaintiff
Nakles and Nakles
1714 Lincoln Avenue
Latrobe, PA 15650
(724) 539-1291
PA I.D. No. 36886

8

COMMONWEALTH OF PENNSYLVANIA   )
                               : SS
COUNTY OF WESTMORELAND         )

Before me, the undersigned authority, personally appeared RITA PEROTTI, who, being duly sworn according to law, deposes and says that the facts contained in the foregoing Complaint in Civil Action, of which she has personal knowledge, are true and correct and those facts based on information she received from others, she believes to be true and correct.

RITA PEROTTI

SWORN TO AND SUBSCRIBED

before me on this _15th_

day of _AUGUST_, 2019.

NOTARY PUBLIC

My Commission Expires:

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Patricia A. Langgle, Notary Public
City of Latrobe, Westmoreland County
My Commission Expires Oct. 4, 2021
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

9

## CERTIFICATE OF SERVICE

I, NED J. NAKLES, JR., ESQUIRE, hereby certify that on ___August 16___,

2019, I served by first-class mail, postage prepaid, this Complaint in Civil Action, on

the following:

Sean P. Hannon, Esq.
Dell, Moser, Lane & Loughney, LLC
Two Chatham Center
Suite 1500
112 Washington Place
Pittsburgh, PA 15219-3458

Ned J. Nakles, Jr., Esquire
Attorney for Plaintiff
Nakles and Nakles
1714 Lincoln Avenue
Latrobe, PA 15650
PA I.D. No.  36886

10

13120

## IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA

| | |
|---|---|
| RITA PEROTTI, | CIVIL ACTION – LAW |
| Plaintiff, | No. 17CI03793 |
| vs. | **STIPULATION** |
| IDLEWILD PARK; IDLEWILD PARK, INC.; and FESTIVAL FUN PARKS, LLC, | Code: |
| Defendants. | Filed on behalf:  IDLEWILD PARK; IDLEWILD PARK, INC.; and FESTIVAL FUN PARKS, LLC, Defendants |

Counsel of record for this Party:

Sean P. Hannon, Esquire
PA I.D. #58713

**DELL, MOSER, LANE & LOUGHNEY, LLC**
Firm #753

Two Chatham Center, Suite 1500
112 Washington Place
Pittsburgh, PA  15219
Phone: (412) 471-1180
Fax:    (412) 471-2693

EXHIBIT

D

tabbies

## IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA

RITA PEROTTI,                                     CIVIL ACTION – LAW

                                Plaintiff,         No. 17CI03793

       vs.

IDLEWILD PARK; IDLEWILD PARK, INC.;
and FESTIVAL FUN PARKS, LLC,

                            Defendants.

### STIPULATION

It is hereby stipulated that Plaintiff Rita Perotti has correctly identified Festival Fun Parks, LLC as the entity that owned and operated Idlewild Park on August 14, 2015, and currently. Festival Fun Parks, LLC t/d/b/a Idlewild Park is the complete designation and the correct party to the lawsuit. Idlewild Park is a fictitious name. Further, Idlewild Park, Inc., had no ownership or operation interest in Idlewild Park on August 14, 2015. Accordingly, the new caption will read:

### IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA

RITA PEROTTI,                                     CIVIL ACTION - LAW

                                Plaintiff,         No. 17CI03793

       vs.

FESTIVAL FUN PARKS, LLC, t/d/b/a
IDLEWILD PARK,

                            Defendant.

13120

_____
Ned J. Nakles, Jr., Esquire
Attorney for Plaintiff

_____
Sean P. Hannon, Esquire
Attorney for Festival Fun Parks, LLC, t/d/b/a
Idlewild Park

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within **STIPULATION** has been served

upon all counsel and parties of record by email transmission, this 9th day of  September, 2019.

Ned J. Nakles, Jr., Esquire
NAKLES AND NAKLES
1714 Lincoln Ave.
Latrobe, PA  15650
*Attorney for Plaintiff*

Sean P. Hannon, Esquire
Attorney for Festival Fun Parks, LLC,
t/d/b/a Idlewild Park, Defendant



# NAKLES AND NAKLES

**ATTORNEYS AT LAW**

NED J. NAKLES (1931-1999)
NED J. NAKLES, JR.
CONSTANCE E. NAKLES
RYAN P. CRIBBS

LINCOLN PROFESSIONAL BUILDING
1714 LINCOLN AVENUE
LATROBE, PENNSYLVANIA 15650-3097

TELEPHONE (724) 539-1291
FAX NO. (724) 539-3273
E-MAIL nakles@nakles.com

March 15, 2019

Sean P. Hannon, Esquire
Dell, Moser, Lane & Loughney, LLC
Two Chatham Center
Suite 1500
112 Washington Place
Pittsburgh, PA 15219-3458

RE:    **Rita Perotti v. Idlewild Park; Idlewild Park, Inc.; and Festival Fun
Parks, LLC
No. 17CI03793**

Dear Mr. Hannon:

Pursuant to our most recent telephone conversation, I am forwarding to you a demand for settlement in the above-captioned case. In order to assist your review in this matter, I am forwarding additional medical records which I do not believe have been sent. These include the following:

1.    Updated medical records from MaCalus V. Hogan, M.D.; and

2.    Medical records from UPMC Shadyside Hospital for Rita's foot reconstruction surgery performed on May 17, 2018.

I am also forwarding the Medicare lien documentation and a Wage Report from Rita's employer, Redstone Presbyterian Senior Care.

As you are aware, Rita Perotti was injured in August of 2015 at Idlewild Park. She was walking from Parking Lot D to corresponding Pavilion D. She was walking on a gravel walkway from the parking lot to the pavilion. On that walkway was a removable post which was put into place apparently to keep people from driving onto the pavilion. The post fit into an approximate 8 inch to 10 inch diameter hole. The post had been removed from its place on the day of the accident. After her fall, a park employee told Rita that they were aware that people had taken the post out earlier in the day. It was very difficult to see the open hole because it blended into the gravel walkway. With the post removed, an open hole was left in the walkway area where many



**EXHIBIT**

E

Sean P. Hannon, Esquire
March 15, 2019
Page 2

people had to traverse. The hole was essentially in the middle of the walkway. Rita Perotti was injured when she stepped into the open hole.

We believe that the area has been changed since the date of Rita's accident. It is our understanding that now a metal gate has been installed to keep traffic out of the pavilion. Apparently the gate can be opened or closed as needed without the risk of leaving an open hole in the area of the walkway.

Clearly, Rita Perotti was a business invitee on the date of the accident. As such, Idlewild owed a high duty of care to her. This duty entailed not only protection from dangerous conditions of the real estate but also, to inspect the area to ascertain such a dangerous condition. The design of the walkway area, one which would allow the post to be removed from time to time for different purposes, thereby leaving open a hole in the walkway, was a flawed design. Idlewild had a duty to correct this design which they apparently did after Rita's accident. This should have been done prior to the accident. We are of the opinion that a strong case for liability exists.

Rita had immediate pain following the accident. She had previously been treating with Gregory Bisignani, M.D. for prior right foot pain which was associated with a slight (and healed) right third metatarsal stress fracture. A little over a week before the accident on August 5, 2015, Dr. Bisignani had noted in an office record that her right foot was healing well and "she was not having any pain." X-rays of her right foot before the accident showed good healing around the stress fracture. Dr. Bisignani noted that "clinically and radiographically, she has healed her stress fracture." Dr. Bisignani had also been treating Rita for arthritis in her left hip. Following the accident at Idlewild Park, Rita was again seen by Dr. Bisignani for injuries related to the fall.

Dr. Bisignani did not order an MRI. Instead, he attempted conservative treatment. He gave Rita a prescription for a lace-up ankle brace and asked her to return in six (6) to (8) weeks. Rita returned to Dr. Bisignani in October of 2015. She was still having pain in her ankle and her ankle was turning in. She had tried to use the brace prescribed by Dr. Bisignani but it was not working. She could only wear tennis shoes. She was taking anti-inflammatories. Dr. Bisignani suggested that Rita be seen by Dr. Flanigan who was an orthopedic foot and ankle specialist for further potential intervention. He deferred any further treatment on her ankle and foot until Dr. Flanigan had seen her.

Rita was then seen by Dr. Ryan Flanigan. Dr. Flanigan immediately ordered an MRI which was conducted at Westmoreland Hospital on November 3, 2015. The MRI findings did demonstrate an acute chronic injury to the ATFL. Dr. Flanigan noted that there was significant swelling present throughout the ankle. The Peroneal Longus had severe tenodesis with a complete tear of the brevis as well. Dr. Flanigan further noted "I think this is likely an exacerbation of

NAKLES AND NAKLES
ATTORNEYS AT LAW

Sean P. Hannon, Esquire
March 15, 2019
Page 3

chronic condition for her.  Clearly this is related to her ankle twisting type injury that occurred several months ago.  She has significant feelings of instability functionally.  I do think she has some ATFL laxity."  He further noted that he believed surgical intervention would be likely i n order to perform an ATFL reconstruction and peroneal tendon repair.  However, he felt that doing the surgery without correcting the underlying foot position would lead to a failure of the surgery. Therefore, to correct the injury that she suffered in the accident, he would also need to correct the flat foot condition that she had, otherwise, the surgery for the tendon repair would not take.  This medical opinion is well discussed in Dr. Flanigan's office note of December 3, 2015.

Dr. Flanigan first recommended physical therapy to work on ankle range of motion and strengthening.  Rita underwent outpatient rehabilitation and physical therapy at Excela Health. She underwent physical therapy from December 15, 2015 through July 20, 2017.  Dr. Flanigan continued to see Rita.  He continued to note that the tendon problem is further exacerbated by her congenital flat foot condition and that this matter was going to most likely get worse before it got better.

Rita had hoped to avoid the major surgery.   She continued with conservative care. However, she ultimately sought another opinion from Macalus Hogan, M.D. at UPMC Ortho at Monroeville.  Dr. Hogan determined that the surgical procedure suggested by Dr. Flanigan would need to be performed.  However, prior to having the ankle surgery, Rita had to undergo a left hip arthroplasty.  Although this surgery was not related to the fall and is not specifically being claimed in this case, Rita had a difficult period of time trying to rehab from the hip surgery on the left while struggling with an inability to walk on the right ankle.  This created substantial pain and discomfort to her during the rehabilitation period pertaining to the left hip.  It also delayed the necessary surgery on the right ankle and she continued to regress with her right ankle injury.

Ultimately, Rita was medically fit to undergo surgery to her right foot and ankle.  This surgery was performed at UPMC Shadyside on May 17, 2018. Rita had to go back to the hospital on six (6) separate dates after that for x-rays.  Following surgery, Rita had to go through a second period of outpatient rehabilitation.  This rehabilitation and physical therapy occurred between July 12, 2018 and did not conclude until November 13, 2018.  All told, Rita had well over a year of physical therapy in this case.

Rita's last visit with Dr. Hogan occurred on December 11, 2018.  At that time, she was seven (7) months out from surgery.  Her condition had improved somewhat as had her pain. However, she was still having tingling in her right foot and difficulty with her gait.  She felt that her right foot was unstable, causing her to put her weight on the lateral portion of the foot.  She was still wearing a brace and Dr. Hogan recommended that she continue the brace for long periods

Sean P. Hannon, Esquire
March 15, 2019
Page 4

of walking. He required that she do physical therapy exercises at home to strengthen the tendons which were weak due to her underlying condition.

Rita has been very diligent in her rehabilitation and recovery. Nonetheless, she still continues to suffer from an unsteady gait when walking and continues to have pain and tingling in her foot. She reports that she feels like a tight band is wrapped around her foot and runs up her ankle. She can only wear flat shoes and still walks with a limp.

Dr. Hogan will reassess Rita in June. At that time and depending on her condition, he will determine whether further surgery will be necessary to remove the screw and plate from her foot.

There is a Medicare lien in this case in the amount of $6,463.21. There is a wage loss in the amount of $2,906.95.

We are making a demand in this case in the amount of $185,000.00 for a full and final settlement of this case. I look forward to working toward a resolution to this case.

Very truly yours,

Ned J. Nakles, Jr.

NJN, Jr./pal
Enclosures

NAKLES AND NAKLES
ATTORNEYS AT LAW

13120

# IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA

## CIVIL ACTION - LAW

RITA PEROTTI,

                       Plaintiff,

       vs.

IDLEWILD PARK; IDLEWILD PARK INC.;
and FESTIVAL FUN PARKS LLC,

                    Defendants.

No. 17CI03793

**NOTICE OF FILING OF NOTICE OF REMOVAL**

Code:

Filed on behalf:  Defendant, Festival Fun Parks, LLC, t/d/b/a Idlewild Park

Counsel of record for this Party:

Sean P. Hannon, Esquire
PA I.D. #58713

**DELL, MOSER, LANE & LOUGHNEY, LLC**
Firm #753

Two Chatham Center, Suite 1500
112 Washington Place
Pittsburgh, PA  15219
Phone: (412) 471-1180
Fax:    (412) 471-2693



**EXHIBIT**

F

# IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA

## CIVIL ACTION - LAW

RITA PEROTTI,                                            No. 17CI03793

                        Plaintiff,

            vs.

IDLEWILD PARK; IDLEWILD PARK INC.;
and FESTIVAL FUN PARKS LLC,

                        Defendants.

## <u>NOTICE OF FILING OF NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C.A. § 1446(b), you are hereby notified that on the 13th day of September, 2019, Defendant above named filed a Notice of Removal of this action from the Court of Common Pleas of Westmoreland County, Pennsylvania, to the United States District Court for the Western District of Pennsylvania.  A copy of the Notice of Removal is <u>attached</u> hereto.

I further certify that a copy of this Notice of Filing was served upon all counsel of record by email transmission, on _____, 2019.

DELL, MOSER, LANE & LOUGHNEY, LLC

_____
Sean P. Hannon, Esquire
*Counsel for Defendants,* IDLEWILD PARK; IDLEWILD
PARK INC.; and FESTIVAL FUN PARKS LLC

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this filing complies with the provisions of the Case Records Public Access

Policy of the Unified Judicial System of Pennsylvania that require filing confidential information

and documents differently than non-confidential information and documents.

Respectfully submitted,

Date: _____      _____

Sean P. Hannon, Esquire
PA I.D. #58713
DELL, MOSER, LANE & LOUGHNEY, LLC
Two Chatham Center, Suite 1500
112 Washington Place
Pittsburgh, PA 15219
Phone: (412) 471-1180
Fax:    (412) 471-2693

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within **NOTICE OF FILING OF NOTICE OF REMOVAL** has been served upon all counsel and parties of record by U.S. Mail, postage prepaid, this _____ day of _____, 2019.

Ned J. Nakles, Jr., Esquire
NAKLES AND NAKLES
1714 Lincoln Ave.
Latrobe, PA  15650
*Attorney for Plaintiff*

_____

Sean P. Hannon, Esquire
*Counsel for Defendants,* IDLEWILD
PARK; IDLEWILD PARK INC.; and
FESTIVAL FUN PARKS LLC