IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RITA PEROTTI,<br><br>        *Plaintiff,*<br><br>   v.<br><br>FESTIVAL FUN PARKS, LLC, IDLEWILD PARK, and IDLEWILD PARK INC.,<br><br>        *Defendants.* | Civil Action No. 2:19-cv-1176<br><br>Hon. William S. Stickman IV |

## MEMORANDUM OPINION

WILLIAM S. STICKMAN IV, United States District Judge

Plaintiff Rita Perotti sued Defendant Festival Fun Parks, LLC, t/d/b/a Idlewild Park ("Festival Fun Parks") for injuries that she received when she fell after her foot entered a small hole in the parking lot. Festival Fun Parks removed the action to this Court. (ECF No. 1). Festival Fun Parks moved for summary judgment (ECF No. 23). Ultimately, the Court must determine whether a genuine issue of material fact exists that the hole constituted a known or obvious condition. For the reasons set forth herein, the Court finds that a genuine issue of material fact remains, and it denies Festival Fun Parks's Motion for Summary Judgment (ECF No. 23).

### I.    FACTUAL HISTORY

Perotti visited Idlewild Park to attend the annual Italian Day. (ECF No. 23-1, pp. 2–3). She arrived in the afternoon and parked her car in Lot D where she met her cousin, Neva Shields. (ECF No. 23-1, p. 4). The two of them walked through the parking lot toward Pavilion D to volunteer their time at the festival. (ECF No. 23-1, p. 6). While traversing the parking lot, Perotti fell into an approximately six-inch in diameter hole and suffered injuries. (ECF No. 1-1, p. 10).

1

At the time of the accident, Perotti was looking ahead and never saw the hole. (ECF No. 23-1, p. 7). Perotti attested that had she seen the hole, she could have walked around it and that no objects obstructed her view of the hole. (*Id.*). Perotti and Shields said, though, that the hole was difficult to see. (*See id.*; ECF No. 25-1, pp. 1, 3–4, 5, 6). In her deposition, Shields stated, "it was very hard to see. I didn't see it. She[, Perotti,] didn't see it." (ECF No. 25-1, p. 1).

## II.   STANDARD OF REVIEW

Summary judgment is warranted if the Court is satisfied that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material if it must be decided to resolve the substantive claim or defense to which the motion is directed. In other words, there is a genuine dispute of material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must view the evidence presented in the light most favorable to the nonmoving party. *Id.* at 255. It refrains from making credibility determinations or weighing evidence. *Id.* "Real questions about credibility, gaps in the evidence, and doubts as to the sufficiency of the movant's proof" will defeat a motion for summary judgment. *El v. Se. Pa. Transp. Auth.*, 479 F.3d 232, 238 (3d Cir. 2007).

## III.   ANALYSIS

To bring a claim of negligence, a plaintiff must show that: (1) the defendant had a duty or obligation recognized by law; (2) the defendant breached that duty; (3) a connection exists between the breach and the duty; and (4) the breach created actual loss or damage. *Krentz v. Consol. Rail Corp.*, 910 A.2d 20, 27–28 (Pa. 2006).

The duty owed to an individual depends on that person's status. An invitee is a person invited to enter or remain on the land for business purposes related to the dealings of the business owner. *Charlie v. Erie Ins. Exch.*, 100 A.3d 244, 253 (Pa. Super. 2014) (quoting Restatement

2

(Second) of Torts, § 332 (Am. L. Inst. 1965)). Business owners have a duty to protect invitees from foreseeable harm. *See Carrender v. Fitterer*, 469 A.2d 120, 123 (Pa. 1983) (citing Restatement (Second) of Torts §§ 341A, 343, 343A). "An invitee is entitled to expect that the [business owner] will take reasonable care to ascertain the actual condition of the premises and, having discovered it, either to make it reasonably safe by repair or to give warning of the actual condition and the risk involved therein." Restatement (Second) of Torts § 343 cmt. d. Though, a business owner is "not an insurer of the visitor's safety." *Rabutino v. Freedom State Realty Co.*, 809 A.2d 933, 939 (Pa. Super. 2002) (citation omitted). "It is hornbook law in Pennsylvania that a person must look where [she] is going." *Graham v. Moran Foods, Inc.*, No. 11-239, 2012 WL 1808952, at *4 (E.D. Pa. May 18, 2012) (quoting *Villano v. Sec. Sav. Ass'n*, 407 A.2d 440, 441 (Pa. Super. Ct. 1979)) (disallowing a business invitee to argue that the sale signs created a hazardous and distracting condition).

In the instance when "the danger is known or obvious to the invitee, the business owner is not liable for physical harm caused by a dangerous activity or condition." *Dorfmeister v. Nordstrom, Inc.*, 415 F. Supp. 3d 537, 541 (E.D. Pa. 2019). Courts characterize this doctrine as a "no-duty" rule in premises liability cases. *Devlin v. Home Depot USA, Inc.*, No. 3:12-CV-00766, 2013 WL 6835409, at *3 (M.D. Pa. Dec. 23, 2013) (citing *Berman v. Radnor Rolls, Inc.*, 542 A.2d 525, 531 (Pa. Super. 1988)). The "no-duty" rule imposes two lines of inquiry: both subjective and objective. *Id.* For a danger to be known, the subjective portion, it must "not only be known to exist, but . . . also be recognized that it is dangerous . . . ." *Wilson v. AutoZone Stores, LLC*, 245 A.3d 1041 (Pa. Super. 2020), *reargument denied* (Jan. 21, 2021) (quoting *Carrender*, 469 A.2d at 123–24). A danger is obvious, the objective portion, when "both the condition and the risk are apparent to and would be recognized by a reasonable person, in the position of the visitor,

3

exercising normal perception, intelligence, and judgment." *Id.* Whether a danger is known or obvious is generally a question for the jury, but a court may decide the issue when reasonable minds could not differ as to the conclusion. *Id.*

The parties agree that Perotti, at the time of the incident, was an invitee. They do not dispute that Perotti did not know of the hole before she fell. The parties disagree, though, whether the hole in the ground constituted an obvious danger. The Court narrows its focus on this issue.

Festival Fun Parks argues that the hole that caused Perotti to trip and fall was open and obvious and therefore should have been known to any reasonable passerby. It argues that it cannot be liable for her injuries and is entitled to summary judgment. Festival Fun Parks highlights comment e of the Restatement (Second) of Torts § 343A, which states, "[r]easonable care on the part of the possessor therefore does not ordinarily require precautions, or even warning, against dangers which are known to the visitor, or so obvious to him that he may be expected discover them."[1] Further,

> [w]here reasonable minds could not disagree that a plaintiff who understood and appreciated the specific risks of harm inherent in an activity, nonetheless engaged

---

[1] An illustration emphasizes this scenario:

> The A Company has in its store a large front door, made of heavy plate glass. The door is well lighted and plainly visible, and its existence is obvious to any person exercising ordinary attention and perception. B, a customer in the store, while preoccupied with his own thoughts, mistakes the glass for an open doorway, and runs his head against it and is injured. A Company is not liable to B.

Restatement (Second) of Torts § 343A cmt. e, illus. 1. This example suggests that a person's subjective failure to see or recognize a danger is irrelevant if the danger would have been obvious to a person exercising ordinary attention and perception.

4

> in that activity, a court may find as a matter of law that the defendant owed no duty of care to the plaintiff and is therefore not liable.

*Devlin*, 2013 WL 6835409, at *3 (citing *Howell v. Clyde,* 533 Pa. 151, 620 A.2d 1107, 1113 (1993)).

Any reasonable person can "appreciate the specific risks of harm" posed by a hole in the ground. Festival Fun Parks quotes Perotti's and Shields's affirmative responses to hypothetical questions such as "Had you looked down and saw the hole was there room to the left or right to walk around it?" (ECF No. 23-1, p. 7) to argue that it lacked any duty toward Perotti. Of course, any reasonable person encountering a hole in the ground will try to avoid it. But that is not the issue here. The dispositive issue in this case is whether a reasonable person exercising normal perception and with average intelligence in the same circumstances as Perotti would have seen the hole in the parking lot. Shields and Perotti claim the hole could not be easily seen and was even camouflaged. (*See* ECF Nos. 23-1, p. 7; 25-1, pp. 1, 3–4, 5, 6). Being distracted in thought or engaged in a conversation does not protect a person from her carelessness, *Thomas v. Family Dollar Stores of Pennsylvania, LLC*, No. CV 17-4989, 2018 WL 6044931, at *5 (E.D. Pa. Nov. 19. 2018). But based on the record before the Court and, specifically, the descriptions of the hole, the Court holds that an issue of material fact remains such that reasonable minds could differ as to whether the hole was open and obvious and whether, in fact, Perotti was careless. *See Ferencz v. Milie*, 535 A.2d 59, 64 (Pa. 1987) (concluding that a jury question was raised as to whether a particular hazard was obvious or known to the plaintiff and thus not within the defendant's duty of protection); *Carrender*, 469 A.2d at 124 (determining that a question of whether a hazard is obvious or known is for the jury); *see also Breskin v. 535 Fifth Ave.*, 113 A.2d 316, 318 (Pa. 1955) ("Even though the day was clear, the jury could rightfully determine that [the plaintiff] could not see the defect in time to avoid it. She was under a duty to see where she was walking, but she can

be charged only with the use of ordinary care. The question was for the jury under all the circumstances."). Should Perotti have seen and avoided a six-inch hole in a walkway? "Disagreements over what inferences may be drawn from the facts, even undisputed ones, preclude summary judgment." *Dorfmeister*, 415 F. Supp. 3d at 540 (citing *Ideal Dairy Farms, Inc. v. John Labatt, Ltd.*, 90 F.3d 737, 744 (3d Cir. 1996)). Here, the Court holds that it is best left to the jury to determine credibility, to draw inferences from facts and to weigh the evidence. *Breskin*, 113 A.2d at 318.

## CONCLUSION

Whether the hole was open or obvious is a genuine issue of material fact that remains. The Court denies Festival Fun Parks's Motion for Summary Judgment in its entirety. An Order of Court will follow.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

7-27-21
Dated